𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

JAMMISON, BY &C., V. CHESAPEAKE AND OHIO RAILWAY CO.

DECEMBER 5, 1895.

1. RAILROADS—*Failure to Stop Train—Duty of Passenger—Falling from a Running Train—Contributory Negligence.*—If a passenger train fails to stop at a station to which a passenger has purchased a ticket, it is the duty of the passenger to retain his seat until he arrives at the next station at which the train stops; and, if he feels aggrieved, to institute his action against the company for any loss or injury he may have sustained by reason of the failure to stop the train at the proper station. But if he fails to do this, and, in passing from one coach to another in search of the conductor to get him to stop the train, he is thrown from the train and injured, his negligence is the proximate cause of the injury, and he cannot recover damages of the company therefor.

2. EVIDENCE—*Declarations—Admissions—Res Gestæ.*—Under the evidence in this case the declarations of the conductor of the train, made shortly after the accident happened to the passenger, as to where he was when the accident occurred, are not admissible in evidence to bind the company. They are not competent as admissions, for want of authority to make them, nor as part of the *res gestæ,* because not sufficiently connected with the accident in point of time and circumstance; and in no event does their exclusion constitute reversible error, as the declarations are not certified so that the appellate court can judge of their relevancy and value.

Error to a judgment of the Circuit Court of the city of Williamsburg and the county of James City, rendered May 12, 1892, in an action of trespass on the case, wherein Elizabeth Jammison, an infant, who sued by her next friend, was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Henley & Hubbard* and *B. D. Peachy*, for the plaintiff in error.

*Henry T. Wickham, Wm. J. Robertson, A. S. Segar,* and *Henry Taylor, Jr.*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

On the 1st day of December, 1890, the appellant purchased a ticket over the Chesapeake and Ohio railway from Newport News to Ewell's station. The train passed Ewell's station without stopping so as to enable the appellant to get off. It slowed up, however, to enable a witness for the appellant, one E. M. Canady, to alight safely, though not without some risk of injury. When it became evident that the train would not stop at Ewell's station, appellant, after conferring with a fellow passenger, passed out of the front end of the coach in which she was sitting, seeking the conductor of the train, for the purpose of inducing him to halt, in order that she might get off. The proof is that when the train passed Ewell's station it had slowed down to a speed of about eight miles an hour; that upon passing the station it began gradually to accelerate its movement, and as the plaintiff in error passed out of the door at the front of the car, with a large bundle under one arm and a small package under the other, and had reached the platform, the train being at that time in the act of passing around a curve, its speed was suddenly accelerated to such a degree as to cause a jerking motion, whereby the appellant was thrown from the car and injured. For this injury she sued by her next friend, and the jury having found a verdict in her favor for $3,000, subject to the defendant's demurrer to the evidence, the court entered a judgment sustaining the demurrer and dismissing the plaintiff's suit, and to that judgment a writ of error was awarded by one of the judges of this court.

Opinion.

Without doubt, the defendant in error was guilty of negligence in failing to stop the train at Ewell's station.    For whatever loss or inconvenience plaintiff may have sustained by reason of this neglect upon the part of the defendant in error, she had an ample remedy, and would have been entitled to full compensation in damages.    The injury, however, for which she sues is not the loss or inconvenience consequent upon that act, but for the damage she suffered by falling from the train, and the injuries she then sustained,    The failure of the defendant in error to stop its train at Ewell's station was not the proximate cause of the injury for which the suit was brought, but, on the contrary, her injury was directly attributable to causes wholly independent of that act of negligence. Had she retained her seat she would have been safe, and, leaving the train at the next station, could have maintained an action for whatever loss or injury had been inflicted upon her. Instead of doing so, upon the advice of a fellow passenger, she, after encumbering herself with bundles under each arm, passed out upon the platform, knowing, as she must or ought to have known, that the speed of the train was being accelerated ; that the platform was a position of danger, and there " by a jerk," incident to the increase of speed from the slow rate at which the train had been moving when it passed the station, she was thrown from the platform, and injured.

Not only did her negligent conduct so far contribute to the accident as to preclude a recovery on her part, even though the evidence disclosed negligence upon the part of the company, but I am at a loss to discover in the record of this case any evidence whatever of negligence upon the part of the company, save and except its failure to halt its train at Ewell's station ; but that act, as we have seen, was the remote and not the proximate cause of the injury, and cannot be taken into consideration as constituting an element of decision in this case.

Railroad corporations owe a high degree of duty to their passengers. They must do all for their safety that human skill and foresight may suggest, and are responsible for any, even the slightest, neglect; but that the passenger may hold the company to this high degree of responsibility, it is incumbent upon him to occupy the position upon the train assigned to passengers, and if he voluntarily assumes a position of peril, and injury results from it, he cannot recover.

In this case the plaintiff in error voluntarily placed herself in a position of peril, without justification or excuse, when, encumbered with bundles which incapacitated her for self-protection, she walked out upon the platform of a moving train.

The principles relied upon in this opinion have been so fully and so frequently enforced by the decisions of this court that they may be considered as established law. See *Farish & Co.* v. *Riegle*, 11 Gratt. 697 ; *Morris* v. *R. & D. R. R. Co.* 31 Gratt. 200 ; *R. & D. R. R. Co.* v. *Anderson's Adm'r*, 31 Gratt. 812 ; *Dunn* v. *Seaboard and Roanoke R. R. Co.*, 78 Va. 645.

A bill of exceptions was taken during the trial to the ruling of the Circuit Court upon the admissibility of evidence. A question was asked of H. D. Cole, the object of which was to elicit from him proof of the declarations of Capt. Berkeley, conductor upon the train when the accident occurred, upon the ground that the declaration, having been made shortly after the accident, constituted a part of the *res gestæ.* It was of course not pretended that it is admissible as an admission upon the part of the conductor. He is not an agent of the company for any such purpose, nor do we think it admissible as part of the *res gestæ.* Mr. Cole, being asked by counsel for plaintiff in error whether he saw anything of the conductor or brakeman at or about the time of the accident, replied that there was no officer of the train in

the coach at all; that the station was not called out, but that shortly after the accident occurred the porter for the chair-car, in the rear of the ladies' car, came through the coach in which he was sitting; that the witness said to the porter that a passenger had fallen or jumped off, to which the porter made some reply, which is not given; that the porter then went forward, and came back presently, the witness thought, with Capt. Berkeley, but of that he was not certain; at any rate, soon after the porter came back, Capt. Berkeley came into the coach, and witness said something to him about a passenger having jumped or fallen off the train, and witness was asked to give the conductor's reply. To this question counsel for defendant in error objected, and the court sustained the objection.

After the cross-examination was over, counsel for plaintiff, upon the renewed examination of Mr. Cole, returned to this subject, and, in answer to a question, the witness said: "I don't know where Capt. Berkeley was when the accident happened. I saw Capt. Berkeley directly afterwards; I know where he was then, because he came through the coach." And there-upon counsel for the plaintiff in error asked this question: "I want to know if you afterwards ascertained from him, by a conversation, where he was when the accident happened?" Defendant objected to the question, objection sustained, and the plaintiff excepted.

It seems from every point of view that the ruling of the court was correct. It was not admissible as an admission, because Capt. Berkeley was not the agent of the defendant in error in the sense that he could bind it by his admission. It was not a part of the *res gestæ*, because not sufficiently connected with it in point of time and circumstance, and its exclusion is in no event reversible error, because the declarations sought to be offered in evidence are not given, so that the court may be enabled to judge of their relevancy and

Opinion.

value.   See *Gray* v. *Commonwealth*, decided at Staunton and reported in this volume, and authorities there cited.

Upon the whole case, we are of opinion that there is no error in the judgment, and the same must be affirmed.

*Affirmed.*