## Richmond.

ROCKY MOUNT LOAN & TRUST CO. v. PRICE AND OTHERS.

December 8, 1904.

1. ESTOPPEL—*Judgment Set Aside by Consent—Trial of Issues—Nunc Pro Tunc Orders.*—Where a plea and statement of grounds of defense are offered by one of several defendants and received by the court at one term, but the order of the court at that term states that there was no appearance for the defendants, and gives judgment against all of them, and, at a subsequent term, by agreement of parties shown by the record, a *nunc pro tunc* order is entered showing the filing of said statement of defenses and special plea, and issues are made up thereon and tried, treating the judgment at the former term as set aside, the plaintiff is thereafter estopped to deny that such was the effect of the *nunc pro tunc* order.

2. APPEAL AND ERROR—*Verdict Contrary to Law and Evidence—Instructions Not in Record.*—The judgment of a trial court setting aside a verdict on the ground that it was contrary to the law and the evidence, cannot be reviewed here when the instructions given are not made a part of the record. This court cannot, in the absence of the instructions, assume that they were free from objection, or pass at all upon that ground for setting the verdict aside.

3. INSTRUCTIONS—*Evidence to Support.*—Where there is evidence tending to support a plea it is not error to give an instruction applicable thereto that correctly propounds the law.

4. APPEAL AND ERROR—*New Trial—Conflicting Evidence.*—Although this court may be of opinion that, upon the evidence as a whole, the verdict was against the weight of evidence, it cannot set aside a verdict in favor of a defendant in error if there is any evidence in the cause to support the verdict, as a plaintiff in error stands as on a demurrer to the evidence.

5. INSTRUCTIONS—*Evidence to Support.*—When there is evidence tending to show that the name of an additional obligor was added to a

bond, after its completion and delivery to the obligee, with the consent of the obligee, and of each of the original obligors, and there is no evidence to the contrary, it is error to instruct the jury to find for one of the defendants on his plea of *non est factum*, if they believe that such additional obligor was added without the knowledge or consent of such defendant, or his subsequent ratification. It is error to give an instruction predicated on a view of the case unsupported by any evidence in the record.

6. *Plea of Non Est Factum Sustained as to One Defendant—Effect on Other Defendants.*—The plea of *non est factum* to an action on a joint and several bond for the payment of money, when sustained, bars the action only as to the defendant who pleads it, and does not affect the liability of the other defendants.

Error to a judgment rendered by the Circuit Court of Franklin county, in a proceeding by motion for a judgment wherein the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

*Reversed.*

The proceeding in this case was a joint proceeding against several living persons and the personal representatives of several who were dead. No question was made about the right so to proceed. While not referred to, it supposed that the plaintiff proceeded under section 3212 of the Code. The bonds sued on, though signed by several, ran in the singular number, "I promise to pay," "I hereby waive," &c.

*L. W. Anderson,* for the plaintiff in error.

*Hairston & Gravely* and *Dillard & Lee,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

This is a motion under the statute, by the plaintiff in error

as assignee of William Gentry, for judgment against the defendants in error upon two bonds, dated November 18, 1890—one for $500.00, payable one year after date, with interest from date, and the other for a like sum, payable two years after date, with interest from date. These bonds, copies of which are filed with the record, appear on their face to be the joint and several obligations of N. C. Carper, J. J. Carper, Jas. C. Greer, G. H. T. Greer, B. N. Hatcher, G. M. Helms and H. C. Price.

On the 14th day of May, 1901, to which the notice was returnable, the defendant, H. C. Price, filed his plea of *non est factum*, whereupon the cause was continued as to him, and judgment rendered against the remaining six obligors, as to whom the order states there was no appearance. On the 5th day of October, 1901, the following *nunc·pro tunc* order was entered: "This day came the parties by their attorneys, and the defendants, H. C. Price and J. H. Ferguson, administrator of B. N. Hatcher, deceased, having filed their statements of defenses duly sworn to, and their special pleas in abatement at the last term by leave of the court, and no order having been then entered in respect thereto, it is agreed between the parties that the filing of said statements of defenses and said special pleas shall be entered of record *nunc pro tunc*, which is accordingly done." It being contended by plaintiff in error that the judgment of May 14, 1901, is still in force against the administrator of B. N. Hatcher, deceased, it may be as well to state at this point that we are of opinion that this *nunc pro tunc* order entered by consent of parties, together with the subsequent action of the parties in the further progress of the cause, treating the judgment as set aside, estops them from now denying that to be its effect.

The defense relied upon by J. H. Ferguson, administrator of B. N. Hatcher, deceased, was that "his testator signed his name to the bonds in action at the time of the execution thereof, and

delivered the same to the obligee, William Gentry; that subsequently to this there was a material alteration made in both of the said bonds by the Rocky Mt. Loan & Trust Co., which had become the owner of the said bonds, or by the said Wm. Gentry, after the delivery to him and before assignment to the Rocky Mt. Loan & Trust Co. without the knowledge or consent of his testator, in this; that the name of H. C. Price was signed to both of the said bonds for the purpose of making him an obligor thereon after the delivery and signatures aforesaid by the said original obligors."

Upon the issues joined on the plea of *non est factum* filed by H. C. Price, and upon the defense set up by Hatcher's administrator, the jury found in favor of the defendants in error. On motion of the plaintiff in error this verdict was properly set aside upon the ground of newly discovered evidence, and because the verdict was contrary to the law and the evidence. But apart from these considerations, this action of the court cannot be disturbed, because one of the grounds for setting the verdict aside was misdirection of the jury, and the instructions given are not in the record. This court cannot, in the absence of the instructions, assume that they were free from objection or pass at all upon that ground for setting the verdict aside.

At a special term of the Circuit Court, begun on Tuesday, September 30, 1902, the case was again tried upon the same defenses with the same result, a verdict in favor of the defendants in error. This judgment the lower court refused to set aside, and from that action a writ of error was awarded, bringing the case before this court for review.

Having, in what has been already said, disposed of several of the assignments of error, we come now to that which relates to the instructions given on the last trial.

The plaintiff in error objects to two instructions given for the defendant in error. The first is as follows: "The court in-

structs the jury that if they believe from the evidence that H. C. Price did not sign the bonds in the notice mentioned, but that his name was signed thereto without his authority, then they must find for the defendant, H. C. Price, and in coming to a conclusion in this issue the jury must bear in mind that the burden of proof is on the plaintiff."

The evidence of H. C. Price tended to show that he did not sign the bonds, and under his plea of *non est factum*, this instruction correctly propounded the law. We are of opinion, however, that, upon the whole evidence, the verdict of the jury was against the weight of evidence, but under the rule, treating the case here as upon a demurrer to the evidence, the judgment in favor of H. C. Price cannot be disturbed.

The second instruction is as follows: "The court further instructs the jury that any material alteration will vitiate the bonds, even though said alteration may not be prejudicial to the rights of said B. N. Hatcher, deceased; and if they believe from the evidence that after the bonds were signed and delivered by Hatcher and others to William Gentry, and he accepted the same as their obligation, and that afterwards the name of H. C. Price was added to said bonds without the knowledge or consent of said Hatcher, and that he did not subsequently ratify the same, such addition would be a material alteration, and in this action the jury must find for the defendants."

This instruction enters upon a field of inquiry not called for by any evidence in the case. The consideration for these bonds was a tract of land sold by William Gentry to the obligors. The original transaction was with the first six obligors, of whom Hatcher was one. After the sale to these obligors, Hatcher sold one-half of his interest in the purchase to H. C. Price. William Gentry, the obligee, says that a short while after the bonds were delivered to him, the obligors told him they wanted

them back to get some other parties who had come into the deal to sign their names to them; that he thinks N. C. Carper was the one he handed the bonds to; that some while afterwards they brought the bonds back; that he could not read or write, and did not know whether any new names had been added; that he then put the bonds away, and that they were not changed or altered in any way after he received them back. J. C. Greer, the only one of the obligors who testified, says that his recollection is that H. C. Price bought one-half of Hatcher's interest, and that the bonds were gotten back from William Gentry for the purpose of having the parties who came into the deal afterwards sign their names to them; that as secretary and treasurer of the plaintiff company he bought the bonds from William Gentry, and that they were exactly like they are now when he bought them, except the credits endorsed thereon of payments made by the obligors including B. N. Hatcher and H. C. Price; that B. N. Hatcher always paid his dues on the bonds promptly; that he cannot say positively that he presented the bonds to him when he made his payments, but thinks he must have done so, as that would have been the natural thing for him to have done.

At the time this suit was brought, three of the obligors were dead, and the foregoing is the entire evidence in the case touching the execution and delivery of these bonds

The instruction under consideration proceeds upon the theory that B. N. Hatcher had no knowledge of the fact that the name of H. C. Price was subscribed to the bonds as one of the obligors therein. It was error to give an instruction predicated on that view, because there is no evidence in the record tending to show that the name of Price had been placed upon the bonds without the knowledge and consent of Hatcher. The evidence tends to show that the final completion and delivery of these bonds was when they were delivered the second and last time by the

obligors to the obligee; that when these bonds were recalled by the obligors, as already seen, it was with the implied if not expressed agreement of all parties, obligors and obligee, that they were to be re-executed and redelivered to the obligee; that, under this agreement, when the bonds were completed by the additional signature desired by the obligors, and delivered to the obligee, it was the re-executed and finally completed contract contemplated by the parties. If this be true, the rights of the obligee and the liability of the other obligors were not affected by the fact that the name of one of the obligors may have been forged. The plea of *non est factum* bars the action only as to him who pleads it, and does not affect the liability of the other defendants in a case like this. *Bush* v. *Campbell*, 26 Gratt. 403.

For the foregoing reasons, the court is of opinion—the judgment complained of being joint—that the same should be reversed; and this court proceeding to enter such judgment as the lower court ought to have entered, it is ordered that the plaintiff take nothing by its notice as to the defendant, H. C. Price, and that he go thereof without day, and that the defendant, H.C. Price, recover of the plaintiff his costs in the Circuit Court about his suit in this behalf expended. And it will be further ordered that the verdict of the jury be set aside as to the defendant, John H. Ferguson, administrator of B. N. Hatcher, deceased, and the case remanded for further proceedings against the personal representative of B. N. Hatcher, deceased, to be had in accordance with the views expressed in this opinion.

*Reversed.*