# Richmond.

STEVENSON V. LEVINSON.

March 9, 1905.

Absent, Cardwell, J.

1. APPEAL ' AND ERROR—*Two Trials—First Verdict Set Aside for Mis-direction—Instructions Not in Record,—Presumption.*—Where there have been two trials of a case, and a motion is made by the defendant to set aside a verdict against him on the first trial because the same is contrary to the evidence, and also because of misdirection of the jury, and the verdict is set aside, and a new trial awarded, and the plaintiff takes a bill of exception to the action of the court in setting aside the verdict, and in his bill sets out all the evidence, but fails to except to the instructions given or refused,· or in any wise to make them a part of the record; and there is a second trial, at which the plaintiff, not introducing any evidence, there is a verdict for the defendant, on a writ of error from this court, the judgment will be affirmed. As the instructions given on the first trial are not before this court, it cannot presume that the trial court erred in setting aside the first verdict for misdirection, and upon the second trial the plaintiff offered no evidence. The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, in the regular way, by those who complain of it.

Error to a judgment of the Circuit Court of the city of Newport News, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*A. C. Garrett* and *John W. Friend,* for the plaintiff in error.

*Lett & Massie,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Stevenson brought suit in the Circuit Court of the city of Newport News to recover damages for an injury received by him, due, as he alleges, to the negligence of Max Levinson. After the evidence was introduced, the court gave certain instructions, and the case was submitted to the jury, which found a verdict in favor of Stevenson for $650.00. Thereupon the defendant moved the court to set aside the verdict as being contrary to the law and the evidence, and because of misdirection on the part of the court.

The verdict was set aside, and a new trial awarded, to which action of the court the plaintiff excepted, and made the evidence part of the record by a bill of exception. There was, however, no exception to the instructions given and refused by the court.

At a subsequent term the case was submitted to a jury, and the plaintiff not introducing any testimony, a verdict was found for the defendant, upon which the court entered judgment, and the case is now before us for review upon the bill of exceptions taken at the first trial to the action of the court setting aside the verdict.

One of the grounds upon which the court was asked to set aside that verdict was, that it had misdirected the jury. As the instructions given are not before us, we cannot say that the court erred in setting aside the verdict upon this ground. The presumption is in favor of the propriety of the court's action.

"The judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, and a party

in an appellate court, alleging error in the court below, must show it in the regular way, or the presumption in favor of its correctness must prevail. *Burks, J.*, in *Harman* v. *Lynchburg*, 33 Gratt. 43; *Dove* v. *Com'th*, 82 Va. 305; *Riely, J.*, in *Shipman* v. *Fletcher*, 91 Va. 487.

In *Rocky Mt. Loan & Tr. Co.* v. *Price, ante* p. 298; 49 S. E. 43, it appears that "one of the grounds for setting the verdict aside was misdirection of the jury; and the instructions given are not in the record. This court [said Judge Harrison] cannot, in the absence of the instructions, assume that they were free from objection, or pass at all upon that ground for setting the verdict aside."

We are bound down, therefore, to the conclusion that the Circuit Court committed no error in setting aside the verdict of the jury.

Upon the second trial, no evidence was introduced by the plaintiff and the verdict of the jury was for the defendant. In this, of course, there was no error.

Upon the whole case the judgment is affirmed.

*Affirmed.*