𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

NEWPORT NEWS AND OLD POINT RAILWAY AND ELECTRIC
COMPANY v. McCORMICK.

January 31, 1907.

1. EVIDENCE—*Relevancy—Variance—Waiver.*—If no objection is made
to the admissibility of evidence on account of its failure to sup-
port the issue, and no motion is made to exclude it on account
of the supposed variance, the objection is deemed to be waived.

2. INSTRUCTIONS—*Abstract Legal Propositions—Harmless Error.*—While
instructions which enunciate mere abstract propositions of law
should not be given, the violation of the rule will not constitute
reversible error unless the court can perceive that it tended to
mislead or confuse the jury.

3. INSTRUCTIONS—*Evidence to Support—Case at Bar.*—Where the plain-
tiff's testimony ascribes the accident which is the subject of the
action to the negligence of the motorman in prematurely start-
ing a street car at the moment the plaintiff was attempting to
alight, and absolves the conductor from any negligence what-
ever, it is error to instruct the jury that the plaintiff can re-
cover notwithstanding her contributory negligence in attempting
to leave the car while in motion, if the conductor knew of her
danger and failed to exercise proper care, diligence and pre-
caution to avoid the accident.   The instruction is without evi-
dence to support it.

4. STREET RAILWAYS—*Alighting from a Moving Car—Negligence.*—
Whether or not a passenger injured in alighting from a moving
street car has been guilty of such negligence as will bar a recov-
ery in a particular case is a mixed question of law and fact to be
submitted to the jury under proper instructions from the court.
Such conduct does not necessarily constitute negligence *per se;*
the criterion being that if, under all the circumstances, an ordi-
narily prudent person would have been warranted in attempt-
ing to alight from a moving car, negligence ought not to be im-
puted to a passenger who pursues that course.

Error to a judgment of the Corporation Court of the city of

Newport News in an action of trespass on the case.   Judgment for the plaintiff.   Defendant assigns error.

*Reversed.*

The opinion states the case.

*E. M. Braxton* and *S. Gordon Cumming,* for the plaintiff in error.

*Ashby & Read* and *E. S. Robinson,* for the defendant in error.

Whittle, J., delivered the opinion of the Court.

The plaintiff in error, the Newport News and Old Point Railway and Electric Company, brings this writ of error to the judgment of the Corporation Court of the city of Newport News, awarding damages to the defendant in error, N. L. McCormick (who was plaintiff in the court below), in an action for personal injuries.

The first assignment of error is to the refusal of the court to grant an instruction founded upon an alleged variance between the declaration and proof.   Of that assignment it is sufficient to observe that no objection having been made to the admissibility of evidence, or no motion to exclude it on account of the supposed variance, the objection must be considered as having been waived.   A different rule of practice would deprive the plaintiff in such case of the benefits of section 3384, Virginia Code (1904).   *Shenandoah Valley R. Co.* v. *Moose,* 83 Va. 827, 3 S. E. 796; *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869, 7 L. R. A. 777; *Richmond R., &c., Co.* v. *West,* 100 Va. 188, 40 S. E. 643; *Portsmouth St. R. Co.* v. *Peed's Admr.,* 102 Va. 662, 47 S. E. 850; *Moore Lime Co.* v. *Johnston,* 103 Va. 84, 86, 48 S. E. 557.

The objection to instruction "B," given at the instance of the plaintiff, is that it propounds only an abstract principle of law.

It is unquestionably true that instructions should be concrete, and ought not to enunciate merely abstract propositions of law (*N. & W. Ry. Co.* v. *Bell,* 104 Va. 836, 53 S. E. 700), but the violation of the rule will not constitute reversible error unless the court can perceive that it was calculated to mislead or confuse the jury. *Reed* v. *Com'th,* 98 Va. 817, 36 S. E. 399.

The objection to instruction "C," which the court also gave at the request of the plaintiff, is that there was no evidence to support it.

The instruction tells the jury "that even though they may believe from the evidence that Mrs. McCormick was guilty of contributory negligence in attempting to leave the car while the same was in motion, still, if the jury shall further believe from the evidence that the conductor in charge of such car knew of such negligence on her part, and that it was dangerous to attempt to get off of the car while it was in motion, and that such conductor could, by the exercise of proper care, diligence and precaution, have avoided the accident complained of, then the plaintiff's said negligence will not defeat a recovery."

The instruction was intended to illustrate the doctrine of the last clear chance, and is predicated upon the supposed negligence of the conductor in failing to exercise proper care to avoid the accident after the negligence of the plaintiff, in attempting to leave the car while in motion, became known to him. There was not only no evidence upon which to base that hypothesis, but the testimony of the plaintiff absolves the conductor from any negligence whatever, and ascribes the accident to the negligence of the motorman in prematurely starting the car at the moment she was attempting to alight. In the absence of evidence the manifest tendency of the instruction was to mislead the jury and to deprive the plaintiff in error of the defense of contributory negligence on the part of the plaintiff in the court below. This was error. *Rocky Mount Tr. Co.* v. *Price,* 103 Va. 298, 49 S. E. 73; *Va., &c., Co.* v. *Harris,* 103 Va. 717, 49 S. E. 991; *Jeremy Impt. Co.* v. *Com'th, ante,* page 482, 56 S. E. 224.

The court refused to instruct the jury, on behalf of the defendant, "that while it is the duty of a common carrier of passengers to stop its cars and allow a passenger reasonable time to alight therefrom, if requested to do so, yet a failure to stop when so requested does not justify a passenger alighting or attempting to alight from a moving car; that it is the duty of the passenger under such circumstances to remain on the car until it has come to a stop and she can safely alight therefrom."

We are of opinion that the court did not err in refusing this prayer. It is certainly true, as a general proposition, that the misconduct of the conductor in carrying a passenger beyond his destination can afford no sufficient justification for his hazarding life or limb in jumping from a moving car. If, however, he should negligently persist in doing so and suffers injury he is to be regarded as the author of his own misfortune; and his right to recover is barred, upon the principle that the negligence of the company in failing to stop the car was the remote while the negligence of the plaintiff in leaping from the car while in motion was the proximate cause of the injury. *Jamison v. C. & O. Ry. Co.,* 92 Va. 327, 23 S. E. 758, 53 Am. St. Rep. 813; *Washington, &c., R. Co. v. Lacy,* 94 Va. 460, 26 S. E. 834; *Blankenship v. C. & O. Ry. Co.,* 94 Va. 449, 27 S. E. 20; *Outen v. North & South St. Ry. Co.* (Ga.), 21 S. E. 710; *Houston & Texas Cent. Ry. v. Leslie,* 9 Am. & Eng. R. Cases, 407; *L. S. & Mich. So. Ry. v. Bangs,* 3 Am. & Eng. R. Cases, 426; *Cent. R., &c., Co. v. Letcher,* 12 Am. & Eng. R. Cases, 115; *Lee v. Elizabeth, P. & C. J. Ry. Co.* (N. J. Sup.), 55 Atl. 106.

The general rule, however, formulated in the rejected instruction is subject to the qualification that the question of whether the passenger has been guilty of such negligence as would bar a recovery in the particular case is a mixed question of law and fact to be submitted to the determination of the jury under proper instructions. Such conduct does not necessarily constitute negligence *per se*—the criterion being that if, under all

the circumstances, an ordinarily prudent person would have been warranted in attempting to alight from a moving car, negligence ought not to be imputed to a passenger who pursues that course.   5 Am. & Eng. Enc. L. (2d Ed.) 669; Booth on St. Rys., section 337; *Filer* v. *N. Y., &c., R. Co.* (N. Y.), 10 Am. Rep. 327; *St. L., &c., Ry. Co.* v. *Cantrell* (Ark.), 40 Am. Rep. 105; *Lambeth* v. *N. C., &c., R. Co.* (N. C.), 8 Am. Rep. 508; *Western R. Co.* v. *Young,* 51 Ga. 489.

The other instructions offered by the defendant were intended to take advantage of the variance between the declaration and the evidence, and that question has been disposed of in connection with the first assignment of error.

The remaining assignments are not likely to arise at the next trial, and, therefore, need not be noticed.

For the misdirection of the jury in the particulars mentioned the judgment must be reversed, the verdict of the jury set aside and the case remanded for a new trial to be had not in conflict with this opinion.

*Reversed.*