## Richmond.

BERKLEY STREET RAILWAY COMPANY v. SIMPSON.

February 7, 1907.

1. APPEAL AND ERROR—*New Trial—Insufficiency of Evidence in Trial Court—Negligence.*—Notwithstanding the fact that a plaintiff in error stands in the position of a demurrant to the evidence, yet the evidence in this cause is too uncertain and indefinite to support the verdict found in favor of the defendant in error, and it is set aside. While negligence may be proved by direct or circumstantial evidence, it is incumbent on the plaintiff, in any event, to make out his case with reasonable certainty, and that has not been done in the case at bar.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*W. H. Venable, N. T. Green* and *H. W. Anderson,* for the plaintiff in error.

*R. Randolph Hicks,* for the defendant in error.

WHITTLE, J., delivered the opinion of the Court.

The defendant in error, Simpson, took passage on a street car of the plaintiff in error, the Berkley Street Railway Company, at Money Point, to be transported thence to Wilson's corner in the vicinity of his home in South Norfolk. The allegation in the first count of the declaration is that when the car reached Wilson's corner it stopped an insufficient length of time

to enable the plaintiff to alight in safety, and that as he was in the act of stepping from the car to the rear platform it was suddenly put in motion and he was thrown violently to the ground sustaining the injuries of which he complains. The second counts avers that while he was in the act of alighting from the car, and before he reached the ground, the conductor negligently caught him by the shoulder, "whereby he was violently thrown from said car" and injured.

In his testimony, the plaintiff's version of the accident is that when the car reached Wilson's corner he left his seat in the forward end of it and proceeded toward the rear platform, with the intention of getting off, but before reaching the door, he stepped back to allow a woman and a man on crutches, both of whom had boarded the car at that point, to enter; that at that moment the car suddenly started forward, and he was "rushed out on the rear platform" by the momentum, and the conductor "grabbed" him as he was attempting to seize the handhold, and in that manner he was thrown from the car to the ground. In response to a question intended to elicit his conception of the degree of care that it was his duty to exercise for his own safety he replied, in substance, that having paid his fare he was under no obligation to protect himeslf, but that it was the business of the conductor to take care of him. How far this erroneous view of the law—that it was not his duty to use ordinary care for his own safety—may have influenced him to linger in the car while other passengers were going out is not susceptible of ascertainment. *Jamison v. C. & O. Ry. Co.,* 92 Va. 327, 23 S. E. 758, 53 Am. St. Rep. 813.

In contravention of the involved and unsatisfactory account of the accident given by the plaintiff it appeared that the car stopped at Wilson's corner long enough to allow four outgoing passengers to get off and four incoming passengers, including the woman and man on crutches, to get on. All the other witnesses who testified to the point agree that, after discharging and receiving the passengers referred to, the car started smooth-

ly, and was in motion when the plaintiff ran out on the platform and got down on the step, facing the rear of the car, and while in that position the conductor warned him not to attempt to get off, and placed his hand on his shoulder to restrain him, but that he either fell or jumped off. He admits that the conductor seized him by the shoulder, as previously stated, but denies that he warned him not to get off.

The uncontroverted physical facts bearing on the accident are that the track at that point is perfectly straight, that the door opening on the rear platform is in the centre of the end of the car, and that the step affording access to the vestibule is on the right side of the car, and consequently at a right angle to the door opening into it. These conditions render the plaintiff's theory of the accident highly improbable. If the sudden starting of the car could have had the effect of "rushing" him, as he avers, from his position on the inside through the doorway and out on the platform—in itself an unlikely result and opposed to common experience—it is still more remarkable that in a car passing over a straight track the impetus should have precipitated him at a right angle through the entrance to the vestibule. The tendency of these material circumstances is to discredit the already confused and inconclusive testimony of the plaintiff as to how the accident really occurred.

Shearman & Redfield, in discussing the burden of proof in actions founded upon negligence, observe: "He (the plaintiff) must make out his case by a clear preponderance of evidence; but he is not bound to do so beyond a reasonable doubt. . . . It is certainly the duty of the plaintiff to prove affirmatively that the defendant has been negligent. It is not enough for him to prove that he has suffered damage by reason of some event which happened upon the defendant's premises, or even by some act or omission of the defendant. . . . He must also prove facts from which it can fairly be inferred that the defendant's negligence was the *cause*, and the *proximate* cause, of the injury. Mere surmise or conjecture on any of these points will not do."

---

---

1 Shear. & Red. on L. of Neg. (5th Ed.), section 57; *C. & O. Ry. Co.* v. *Sparrow,* 98 Va. 630, 641, 37 S. E. 302.

It is quite true that negligence may be established by circumstantial evidence. But whether the evidence relied on to prove negligence be direct or circumstantial it is incumbent upon the plaintiff to make out his case with reasonable certainty, and not to consign courts and juries wholly to the realm of conjecture.

Applying to the case in judgment the stringent rule which must obtain on a demurrer to the evidence we are, nevertheless, of opinion that the testimony of the plaintiff is too uncertain and indefinite to warrant a recovery. *Preston* v. *Otey,* 88 Va. 491, 14 S. E. 68; *Northington* v. *Norfolk Ry. & Light Co.,* 102 Va. 449, 46 S. E. 475.

For these reasons the judgment must be reversed, the verdict of the jury set aside and the case remanded for a new trial.

*Reversed.*