# Richmond.

FOREMAN v. NORFOLK, PORTSMOUTH & NEWPORT NEWS CO.

March 21, 1907.

1. APPEAL AND ERROR—*Refusing New Trial—Failure to Certify Instructions.*—The judgment of a trial court setting aside a verdict because contrary to the law and the evidence cannot be reviewed in this court when the instructions given by the trial court are not made a part of the record. This court cannot assume that such instructions were free from error, nor pass at all upon that ground for setting aside the verdict.

2. STREET RAILWAYS—*Personal Injury—Passenger of Another Line.*— Where a passenger on one street car line steps off the car on to the line of another company and is injured by a car of the latter company, and it alone is sued for the injury, no question is involved as to the liability of the defendant as a common carrier, but only the material rights of the plaintiff and defendant as travelers upon the street.

3. STREET RAILWAYS—*Excessive Speed—Proximate Cause of Injury.*— The fact that a street car was running at a greater rate of speed than was permitted by a city ordinance, at the time a personal injury was inflicted on the plaintiff, furnishes no ground of action against the street car company unless the excessive speed was the proximate cause of the injury complained of.

4. NEGLIGENCE—*Contributory Negligence—Street Railways.*—A passenger on a street car who steps off the car on to the line of another company immediately adjacent thereto, and within four or five feet of a rapidly approaching car, and is injured, when he might have stepped off on the other side, and when a casual glance would have disclosed his peril from the rapidly approaching car, is guilty of such contributory negligence as will bar an action against the company whose car inflicted the injury.

Error to a judgment of the Hustings Court of the city of Portsmouth in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*J. N. Sebrell, Jr.,* and *Moc. Levy,* for the plaintiff in error.

*Munford, Hunton, Williams & Anderson* and *J. R. Tucker,* for the defendant in error.

HARRISON, J., delivered the opinion of the Court.

This action was brought by the plaintiff in error to recover damages for an injury alleged to have been caused by the negligence of the defendant in error. Three trials of the case were had in the lower court. In the first the verdict of the jury was set aside without objection. On the second trial there was again a verdict for the plaintiff, which was set aside upon the ground that the verdict was contrary to the law and the evidence. This action of the court is assigned as error, but it cannot be considered by this court, for the reason that the instructions upon which the jury acted have not been made part of the record.

In the case of *Rocky Mt. Loan & Trust Co.* v. *Price, &c.,* 103 Va. 298, 49 S. E. 73, this court held that the judgment of a trial court, setting aside a verdict on the ground that it was contrary to the law and the evidence, could not be reviewed here when the instructions given are not made a part of the record; that this court cannot, in the absence of the instructions, assume that they were free from objection, or pass at all upon that ground for setting the verdict aside. To the same effect is *Stevenson* v. *Levinson,* 103 Va. 591, 49 S. E. 974.

On the third trial the defendant company demurred to the evidence. The court sustained the demurrer and gave judgment for the defendant, which action of the court constituted the second assignment of error.

In the petition for a writ of error it is stated that the defendant company was operating street cars on parallel tracks

on High street in Portsmouth, Va.; cars going west being run on the norther track, and cars going east on the southern track. It is true that the defendant company did operate cars on both tracks, but it is clearly established by the evidence that the northern track on High street was not the property of the defendant company, but was owned by the Old Dominion Railway Company, and that these two companies under an operating agreement of some sort used the two tracks in common. The plaintiff was traveling as a passenger on a car of the Old Dominion Railway Company which was going west, and was injured by alighting on the parallel track in front of a car of the defendant company which was going east. The two companies being distinct and separate, the liability of the defendant company as a common carrier is eliminated, and the question in the case is limited to the mutual rights of the plaintiff and the defendant as travelers upon the streets. Under these circumstances it is immaterial whether or not the Old Dominion Railway Company was guilty of negligence in leaving open the gate upon its platform next to the parallel track, as the negligence of that company, which is not a party to this suit, cannot be imputed to the defendant company.

It appears that the plaintiff, at twelve o'clock at night, took passage on one of the westbound cars of the Old Dominion Company; that when the car reached the corner of Washington and High streets, and while it was still in motion, the plaintiff alighted on the southern parallel track in front of, and within four or five feet of, a rapidly moving car of the defendant company which was going east. It is contended that the defendant company is liable because of its negligence in running its car at a rate of speed prohibited by the ordinance of the town of Portsmouth, and at a speed inconsistent with the safe use of the street by the public; and at an unexpected time, without signal or warning of its approach. It is conclusively shown that the

head-light and other lights upon the car were burning, so that it could have been readily seen.

If it be conceded that the car which struck the plaintiff was being operated at an unusual rate of speed and without sounding its gong, it is manifest from the uncontradicted evidence in the case, including the admissions of the plaintiff, that this was not the proximate cause of the accident. *Atlantic & D. R. Co.* v. *Reiger,* 95 Va. 418, 28 S. E. 590.

The time limit prescribed by the ordinance of Portsmouth was six miles per hour. The plaintiff says he stepped in front of the car when it was within four or five feet of him. The evidence shows that a car running at the rate of six miles an hour could not be stopped in less than $14\frac{1}{2}$ feet. It is clear, therefore, that the plaintiff could not have been saved if the car had been running at the rate prescribed by the ordinance, nor could the sounding of the gong under such circumstances have altered the inevitable result of the plaintiff's act. If the car was running behind its schedule time, that did not constitute negligence on the part of the defendant company, or operate to release the plaintiff in error from the duty of exercising proper care in going upon its tracks. *Schofield* v. *Railway Co.,* 114 U. S. 615, 29 L. Ed. 224, 5 Sup. Ct. 1125.

We are of opinion that the contributory negligence of the plaintiff in this case was the proximate cause of his injury and such as to bar all right of recovery on his part. He stepped from a car moving, according to his own testimony, at the rate of five miles an hour. He could have alighted on one side, perhaps, with safety, but he selected the side where the space between two parallel tracks for him to occupy was not more than thirty-two inches because, his home was on that side and he would be thereby saved a few additional feet of walk. He alighted on the parallel track in front of the rapidly moving car of the defendant company when it was within four or five feet of him, without seeing it, when the most ordinary and casual glance would have disclosed his peril in doing so.

We do not mean to say that the act of alighting from a moving street car, taken by itself, or a failure to look for approaching street cars, taken by itself, would be *per se* negligence. But these acts, considered as they should be in connection with all the circumstances of the case, make a combination of negligence which precludes a recovery, and shows that the plaintiff alone is responsible for the injuries of which he complains. *Weber* v. *Kansas City Cable Co.,* 100 Mo. 194, 12 S. W. 804, 13 S. W. 587, 18 Am. St. Rep. 541, 7 L. R. A. 819; *Creamer* v. *West End St. Ry. Co.,* 156 Mass. 320, 31 N. E. 391, 32 Am. St. Rep. 456, 16 L. R. A. 490; *Gonzales* v. *N. Y. & H. Ry. Co.,* 38 N. Y. 440, 90 Am. Dec. 58.

The judgment complained of must be affirmed.

*Affirmed.*