# Richmond.

## SOUTHERN RAILWAY COMPANY v. G. H. MAY.

### March 17, 1927.

1. APPEAL AND ERROR—*Instructions—Vague and Indefinite—Instructions Read Together.*—On appeal, where it is assigned as error that an instruction was vague and indefinite and tended to mislead and confuse the jury, in determining whether there was merit in the objection, the appellate court must read all the instructions together.

2. APPEAL AND ERROR—*Instructions—Action for Personal Injuries—Negligence of Defendant.*—On appeal by defendant in an action for personal injuries, defendant objected that an instruction for plaintiff was vague and indefinite and tended to mislead the jury.

   *Held:* That although it be conceded that the instruction was vague and indefinite, it did not follow that defendant was prejudiced thereby, where another instruction, given at the request of the defendant, told the jury there could be no recovery unless the plaintiff proved, by competent evidence, that the defendant had been guilty of the *particular negligence charged in the declaration.*

3. EVIDENCE—*Admissibility—Waiver by Failure to Object—Proof of Negligence not Alleged in Declaration—Variance—Case at Bar.*—In the instant case, an action by a railroad employee injured by the sudden starting of a train, the declaration contained no allegation as to the duty of defendant to provide, promulgate, observe and enforce rules for the movement of its trains, including the starting of the same, for the safety of the employees. The plaintiff produced evidence, without objection from the defendant, to show that the train was started without notice or warning to the plaintiff, "and defendant did not object to the evidence on the ground that the declaration was silent as to defendant's duty to observe the rule as to starting trains," but proved by its employees that it was the duty of the fireman to ring the bell when the train started and attempted to show that in the instant case the warning was given.

   *Held:* That defendant waived its objection to the evidence by its failure to object and by its introduction of evidence on the same subject.

4. *Variance—Waiver—Failure to Object.*—An alleged variance between the declaration and the evidence should be taken advantage of by objecting to the introduction of the evidence, or moving to exclude it

after it is admitted. And where the party complaining of the variance failed to do this, and introduced evidence on the same subject, the objection must be considered as waived.

5. Negligence—*Instructions—"Injury from Negligence Charged in the Declaration"—Case at Bar.*—In an action by a railroad employee against the railroad for personal injuries, the court instructed the jury to find for plaintiff if they believed plaintiff "received the injuries complained of as a proximate result of the acts or omissions of *negligence charged in the declaration.*" It was contended by defendant that the jury was incapable of ascertaining from the declaration the various allegations of negligence charged in the declaration, and therefore the giving of the instruction was error. The allegations in the declaration were clear and distinct and a jury of average intelligence could ascertain from the declaration each of the charges of negligence upon which they could rest their verdict.

*Held:* That the instruction was not erroneous.

6. Instructions—*Negligence—Reference to Negligence Charged in the Declaration.*—No hard and fast rule can be laid down that a reference to "the negligence charged in the declaration" in an instruction shall in every case be construed as reversible error, even though it be necessary for the jury, before rendering its verdict, to look to the declaration to find what the negligence complained of is. Sometimes a declaration is very brief and simple. Every case in this respect must depend upon its own facts. Where the reason of the rule exists, the rule will be applied; otherwise not.

7. Appeal and Error—*Instructions—Invited Error.*—Where the giving of an instruction is assigned as error, if it appears that the paragraphs of the instruction objected to were inserted in the instruction by counsel for the plaintiff in error, the plaintiff in error having led the court into making the error, cannot, on appeal, profit by its own mistake.

8. Appeal and Error—*Instructions—Damages—"All Other Elements which Tend to a Just Determination of the Damages."*—In an action by a railroad employee against the railroad for personal injuries, the court instructed the jury that in assessing damages they might take into consideration "all other elements which tend to a just determination of the damages received or sustained by the plaintiff." These words were immediately followed by the words, "all as charged in the declaration and proven by a preponderance of the evidence." In other words, the jury, in assessing the damages, could consider nothing not charged in the declaration and proved by the evidence.

*Held:* That the instruction was not objectionable.

9. Negligence—*Contributory Negligence—Burden of Proof to Show Contributory Negligence—Instruction—Case at Bar.*—The general rule is that where the defendant relies on contributory negligence, the burden is upon the defendant to establish by a preponderance of the evidence

such contributory negligence, unless it is disclosed by the plaintiff's evidence or can be fairly inferred from the circumstances of the case. And, as in the instant case, plaintiff's own evidence did not show contributory negligence, nor could contributory negligence be inferred from the facts and circumstances, an instruction that the burden of proving contributory negligence was on defendant was not error.

10. NEGLIGENCE—*Questions of Law and Fact—Injury from Sudden Starting of Train—Case at Bar.*—In the instant case, an action by a railroad employee against the railroad for personal injuries, according to the evidence introduced in behalf of the plaintiff, the defendant was guilty of primary negligence in starting the train forward with a sudden jerk without first ringing the bell to give the plaintiff notice. This testimony was in conflict with the evidence for the defendant, to the effect that the bell was rung before the train was put in motion.

    *Held:* That this conflict in the evidence made the defendant's negligence a question for the jury, and its determination by the jury in favor of the plaintiff was conclusive upon the appellate court.

11. PLEADINGS—*Declaration—Motion to Strike Out a Count.*—Where a count in a declaration stated a good cause of action and the defendant filed no demurrer to it, but plead thereto and there was evidence to support its allegations, the refusal to strike out the count and instruct the jury to disregard it was not error.

12. NEW TRIAL—*All Instructions Offered by Plaintiff in Error Given and all his Evidence Allowed—Appeal and Error—Reversal where Plaintiff in Error has had a Fair Trial—Case at Bar.*—In the instant case no evidence offered by the plaintiff in error was excluded by the court. All instructions offered by the plaintiff in error, exceedingly favorable to the plaintiff in error, were given to the jury. They presented fully the plaintiff in error's theory of the case. All issues of fact were submitted to the jury, and determined in favor of the defendant in error.

    *Held:* That the case having been fully and fairly heard in the trial court, the judgment cannot be reversed.

Error to a judgment of the Circuit Court of Prince William county, in an action for trespass on the case. Judgment of plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Barbour, Keith, McCandlish & Garnett,* for the plaintiff in error.

*Robt. A. Hutchison* and *T. E. Didlake*, for the defendant in error.

West, J., delivered the opinion of the court.

G. H. May recovered a judgment against the Southern Railway Company for $3,600, damages for personal injuries due to the alleged negligent acts of the company. The case is before us for review.

The defendant company owns and operates a double track line of railway at and near Nokesville, Virginia. On February 22, 1924, the plaintiff, G. H. May, was in the employment of the company on a work train one mile south of Nokesville. He was engaged in unloading ballast and ties. The train was standing on the northbound track, headed south. In order to clear the track for the northbound passenger train, the men were ordered to quit work and get aboard. The plaintiff got on the platform at the rear end of the caboose which was at the rear of the train of five cars, and the train was backed up to the cross-over switch at Nokesville, where it stopped, reversed its direction and pulled into the cross-over and over on the southbound track.

Plaintiff had been doing heavy work and was wet with perspiration. The men had orders not to go inside the caboose. The weather was windy and very cold. When the train stopped before entering the cross-over track, plaintiff, in order to secure a safer and better protected place to ride, got down and went to the other end of the caboose. The train was standing still, and just as he took hold of the grab irons and raised his left foot to place it on the step, the train, without any signal or warning, gave a sudden jerk, which caused him to lose his hold and fall to the

ground in such a manner that his left hand was run over by the wheels of the train, his second and third fingers cut off and his index finger so mutilated as to make amputation necessary at the second joint.

There are three assignments of error:

(1) "The court erred in granting and giving to the jury plaintiff's instructions numbers 2 and 6.

(2) "The court erred in declining to set aside the verdict of the jury.

(3) "The court erred in overruling petitioner's motion, made at the conclusion of the evidence, to strike out the third. count of the declaration and instruct the jury to disregard the same."

Instructions 2 and 6 read as follows:

No. 2. "The court instructs the jury that it was the duty of the defendant company to use reasonable care to provide a reasonably safe place for the plaintiff, while in its employ, to do the work which his duties required of him, and also to provide, promulgate, observe and enforce all reasonable rules for the movement and operation of its train, including the starting of the same, for the safety of its employees, including the plaintiff, and that the care which is imposed by law upon the defendant is commensurate with the dangers to be averted, so that such care may be reasonably effectual under all of the circumstances. And if the jury believes from the evidence that the defendant company failed in its duty in any of the foregoing particulars and that such failure resulted in the injury to the plaintiff, that is to say, was the proximate cause of such injury, then such failure constituted negligence on the part of the defendant; and if the jury believe further from the evidence that the plaintiff was injured as a result of such negligence, they shall find for the plaintiff."

No. 6. "The court instructs the jury that if they find from the evidence that the plaintiff, G. H. May, received the injuries complained of as a proximate result of the acts or omissions of negligence charged in the declaration on the part of the defendant, they shall find for the plaintiff, G. H. May. And, if they find for the plaintiff, they shall assess his damages at such sum as will reasonably compensate him for the injury received, taking into consideration the character of the injuries, his physical and mental suffering resulting therefrom, the loss or impairment of his earning capacity, both since the time of the said injury and in the future, and all other elements which tend to a just determination of the damages received or sustained by the plaintiff, all as charged in the declaration and proven by a preponderance of the evidence. Provided, if it shall appear that the injury was occasioned by the negligence of the defendant, but that the negligence of the plaintiff contributed to the injury, then in such event the jury shall still find for the plaintiff, but the damages hereinbefore mentioned shall be diminished in proportion to the amount of negligence attributable to the plaintiff, and they shall bring in a verdict for the plaintiff for the balance after making such allowance.

"The court instructs the jury that if the defendant relies upon the contributory negligence of the plaintiff to reduce the amount of damages, then the burden is upon the defendant to establish by a preponderance of the evidence such contributory negligence, and further that such contributory negligence contributed to **or** was the proximate cause of the injury complained of; and unless the defendant does establish by a preponderance of the evidence such contributory negligence, and that such contributory negligence contributed to or was

the proximate cause of the injury, the jury shall disregard and disallow such defense."

The objection urged by the petitioner in his petition against instruction No. 2 is that it is "vague and indefinite and tended to mislead and confuse the jury and opened wide the door for the wildest speculation on their part;" that it permitted the jury to base a verdict on breaches of duty not alleged in the declaration, in that the jury were told, as a matter of law, that it was the duty of the company to use reasonable care to "provide, promulgate, observe and enforce rules for the movement and operation of its train, including the starting of the same, for the safety of its employees, including the plaintiff," and that if the defendant fails of its duty in any of the foregoing particulars, and such failure was the proximate cause of the injury, then such failure constituted negligence on the part of the defendant, for which plaintiff was entitled to recover; and that the instruction told the jury it was the duty of the company to use reasonable care to provide a reasonably safe place for the defendant, while in its employ, to do the work which his duties required of him.

[1, 2] It must be borne in mind that all the instructions are the instructions of the court and must be read together. If it be conceded that the instruction is vague and indefinite, it does not follow that the defendant was prejudiced thereby; since instruction No. 1, given at the request of the defendant, told the jury there could be no recovery unless the plaintiff proved by competent evidence that the defendant has been guilty of the *particular negligence charged in the declaration.*

[3] It is true that the declaration contained no allegation as to the duty of the defendant to provide,

promulgate, observe and enforce rules for the movement of its trains, including the starting of the same, for the safety of its employees; but the plaintiff produced evidence, without objection from the defendant, to show that the train was started without notice or warning to the plaintiff. Instead of objecting to the evidence, on the ground that the declaration was silent as to the defendant's duty to observe any rules as to the starting of its trains, the defendant proved by John Bennett, its fireman, that it was his duty to ring the bell when the train started; and by M. B. Apperson, engineer, that "trains must not be moved without some warning that it is to be moved," and that the "rules were carried out, ringing the bell, which is always customary in the starting of an engine in either direction, backward or forward."

[4] The alleged variance between the declaration and the evidence should have been taken advantage of by objecting to the introduction of the evidence, or moving to exclude it after it was admitted. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869, 70 L. R. A. 999. Having failed to do this, and having itself introduced evidence on the same subject, the objection must be considered as waived.

In *Newport News, etc., R. & Electric Co.* v. *McCormick,* 106 Va. 517, 56 S. E. 281, the defendant offered certain instructions which were intended to take advantage of a variance between the declaration and the evidence. This court, in sustaining the court's action in refusing to grant the instructions, said: "Of that assignment it is sufficient to observe that no objection having been made to the admissibility of evidence, or no motion to exclude it on account of the supposed variance, the objection must be considered as having been waived. A different rule of

practice would deprive the plaintiff in such case of the benefits of section 3384, Virginia Code (1904)." (Now section 6250, Virginia Code 1919.) Citing numerous cases. To the same effect is *Va. & S. W. R. Co.* v. *Bailey*, 103 Va. 206, 49 S. E. 33; *Conrad* v. *Ellison-Harvey Co.*, 120 Va. 458, 91 S. E. 763, Ann. Cas. 1918B, 1171.

For reasons to be hereafter given, we think the motion to strike out the third count in the declaration was properly · overruled. The petitioner practically admits, if this count was not faulty, that there is no error in that part of instruction No. 2 which told the jury it was the duty of the defendant company to "use reasonable care to provide a reasonably safe place for the plaintiff, while in his employ, to do the work which his duties required of him."

It is claimed that instruction No. 6 is erroneous, first, because the first paragraph is vague and uncertain, in that it instructs the jury that they shall find for the plaintiff if they believe he "received the injuries complained of as a proximate result of the acts or omissions of *negligence charged in the declaration;*" second, because it tells the jury that in assessing damages they may take into consideration "all other elements which tend to a just determination of the damages received or sustained by the plaintiff;" third, because of the following language in the second paragraph: "All as charged in the declaration and proven by a preponderance of the evidence;" fourth, because it instructs the jury that if the defendant relies on contributory negligence, "then the burden is upon the defendant to establish by a preponderance of the evidence such contributory negligence."

[5] In support of the first objection, it is contended that the jury were incapable of ascertaining from the

declaration the various allegations of *negligence charged in the declaration.*

The petitioner relies on *Curtis & Shumway* v. *Williams* (Va.), 86 S. E. 848, 849; *Jones* v. *Richmond,* 118 Va. 612, 88 S. E. 82; *Director General* v. *Pence's Admr.,* 135 Va. 348, 116 S. E. 351.

In the *Pence Case, supra,* the court, condemning a somewhat similar instruction, said:   "It practically turns the jury loose to find the defendant guilty of any negligence which might be based upon a breach of 'any duties charged in the declaration,' which declaration covers ten pages of the printed record.  It is not a simple or easy task to analyze the charges of negligence intended to be set forth in this declaration, and it was not safe to impose that task upon the jury."

[6] The rule invoked is not ironclad and does not apply in every case.   Judge Kelly, who wrote the opinion in the *Pence Case,* says at page 349 (116 S. E. 358):   "We do not mean to lay down a hard and fast rule that a reference to 'the negligence charged in the declaration' in an instruction shall in every case be construed as reversible error, even though it be necessary for the jury, before rendering its verdict, to look to the declaration to find what the negligence complained of is.   Sometimes a declaration is very brief and simple.   Every case in this respect must depend upon its own facts.   Where the reason of the rule exists, the rule will be applied; otherwise not."

We have carefully read the declaration in the instant case.   The allegations are clear and distinct and we can perceive no reason why a jury of average intelligence could not ascertain from the declaration each of the charges of negligence upon which they could rest their verdict.

[7] Besides, it appears from the original files that

the first paragraphs of instruction No. 6, now complained of, were not in the instruction when offered by the plaintiff and were inserted therein by John S. Barbour, of counsel for the defendant, at the bar of the court. If the instruction as given was erroneous in this respect, the defendant, having led the court into making the error, cannot now profit by its own mistake.

[8] There is no merit in the objection to the phrase, "all other elements which tend to a just determination of the damages received or sustained by the plaintiff," since these words are immediately followed by the words, "all as charged in the declaration and proven by a preponderance of the evidence." In other words, the jury, in assessing the damages, could consider nothing not charged in the declaration and proved by the evidence.

[9] The general rule is that where the defendant relies on contributory negligence, "the burden is upon the defendant to establish by a preponderance of the evidence such contributory negligence, unless it is disclosed by the plaintiff's evidence or can be fairly inferred from the circumstances of the case."

In the instant case, the plaintiff's own evidence does not show any contributory negligence on his part; nor can it be inferred from the facts and circumstances of the case. The instruction, therefore, properly left the burden upon the defendant to establish the contributory negligence, if any, of the plaintiff.

[10] The second assignment of error relates to the court's refusal to set aside the verdict of the jury.

According to the evidence introduced in behalf of the plaintiff, the defendant was guilty of primary negligence in starting the train forward with a sudden jerk without first ringing the bell to give the plaintiff notice. This testimony is in conflict with the evidence

for the defendant, to the effect that the bell was rung before the train was put in motion. This conflict made the defendant's negligence a question for the jury, and its determination by the jury in favor of the plaintiff is conclusive upon this court.

[11] The third assignment for error, involving the court's refusal to strike out the third count of the declaration and instruct the jury to disregard it, was not pressed by plaintiff in error at the bar of this court.

We are of opinion that this count states a good cause of action. The defendant filed no demurrer to it, but plead thereto. There was evidence to support its allegations, and the court's refusal to strike it out was not error.

[12] No evidence offered by the defendant was excluded by the court. All instructions offered by the defendant, ten in number, exceedingly favorable to the defendant company, were given to the jury. They presented fully the defendant's theory of the case. All issues of fact were submitted to the jury, and determined in favor of the plaintiff.

The case has been fully and fairly heard in the trial court, and we can find no sufficient reason to reverse its judgment.

*Affirmed.*