Statement.

# Richmond.

KECOUGHTAN LODGE No. 29, KNIGHTS OF PYTHIAS, v. STEINER. AND KAUFMAN.

March 14, 1907.

Absent, Keith P., and Cardwell, J.

1. BILLS OF EXCEPTION—*Sufficiency—Annexing Stenographer's Report of Evidence.*—Where one bill of exception states that all of the evidence in a case is certified in bill of exception No. 2, and bill No. 2 states that the "evidence as certified by the court, is in the words and figures, following, to-wit"; and the stenographer's report of the evidence, endorsed by the counsel on both sides as a correct copy, and signed by the trial judge, is securely attached to the bill of exception by paper fasteners, the· bill of exception and report of the evidence are so articulated as to form but one paper, and sufficiently identifies the evidence referred to in the bill of exception.

2. APPEAL AND ERROR—*Refusal of Instruction—Instructions Given Not in Record.*—If the record does not show what instructions were given by the trial court ,an exception to the ruling of the court refusing to give a single instruction will not be considered by· this court, as the rejected instruction may have been covered by other instructions given.

3. APPEAL AND ERROR—*Refusal to Set Aside Verdict—Conflicting Evidence—Landlord and Tenant—Frozen Water Pipes.*—In an action by the tenant of the first floor of a three-story building against the landlord to recover damages resulting from leakage· from frozen water pipes, if the written lease contains no stipulation in regard to the duty of cutting off the water, and the evidence is conflicting as to whether it was the duty of the landlord or of the tenant, this court cannot set aside a verdict in favor of the plaintiff, as it has to consider the case as on a. demurrer to the evidence by the defendant.

Error to a judgment of the Circuit Court of Elizabeth City

county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*John F. Weymouth* and *Jones & Woodward,* for the plaintiff in error.

*F. S. Collier & Son* and *J. W. Friend,* for the defendants in error.

WHITTLE, J., delivered the opinion of the Court.

The defendants in error (who were dry goods merchants) occupied one of the storerooms on the ground floor of a large three-story building in the town of Hampton, known as the "Pythian Castle," as tenants of the plaintiff in error. The building was equipped with water pipes, and furnished with water closets on the second and third floors. During a period of exceptionally cold weather, in January, 1905, in the night-time, a pipe conducting water to the closet on the second floor burst from freezing, and the water flowed from the broken pipe into the storeroom below of the defendants in error, causing injury to their stock of goods. Thereupon they brought this action to recover damages for the loss sustained. There was a verdict and judgment for the plaintiffs, to which judgment this writ of error was allowed.

Objection is raised by the defendants in error, in the outset, to the consideration of the stenographic report of the evidence on the ground that it is not sufficiently identified to constitute part of the record.

The defendants' first bill of exceptions recites that "after the jury had heard all the evidence, which is set out in bill of exceptions No. 2·(to which reference is hereby made), which was all the testimony in the case, counsel for the defendants tendered

the following instruction  .  .  .   ''; and bill of exceptions
No. 2 reads: "Be it remembered, that on the trial of this case,
after the jury had brought in their verdict, in the words and
figures following, to-wit: 'We the jury find for the plaintiffs
and assess their damages at $475,' the defendants, by counsel,
moved the court to set aside the said verdict and grant the de-
fendants a new trial on the ground that the said verdict was
contrary to the law and the evidence; which said evidence, as
certified by the court, is in the following words and figures,
to-wit." From an inspection of the original record, brought up
on *certiorari,* it appeared that the stenographic report of the
evidence was endorsed by counsel representing both plaintiffs
and defendant as a correct copy, signed by the trial judge and
securely attached to the bill of exception by paper fasteners.

We are of opinion that the bill of exception and report of the
evidence were so articulated as to form one paper, thus suffi-
ciently identifying the evidence referred to in the bill of excep-
tion.  See *Jeremy Impt. Co.* v. *Com'th, ante* p. 482, 56 S. E.
225; *Leftwich* v. *Lecanu,* 4 Wall. (U. S.) 187, 18 L. Ed. 388.

The foregoing are the only bills of exception in the case. The
first is to the refusal of the court to give an instruction at the
instance of the defendant.  This assignment cannot be availed
of here, because the record does not show what prayers were
granted by the court, and, consequently, the rejected instruc-
tion may have been covered by other instructions in the case.
*Rocky Mt. Trust Co.* v. *Price,* 103 Va. 298, 49 S. E. 73; *Steven-
son* v. *Levinson,* 103 Va. 592, 49 S. E. 974.

The second exception is to the action of the court in over-
ruling the motion of the defendant to set aside the verdict of
the jury as contrary to the law and evidence.

The written lease contains no stipulation in regard to the
duty of cutting off water to prevent damage from the freezing
of water pipes; and two opposing theories as to where that duty
lay were submitted to the jury upon the evidence. The evi-
dence on behalf of the plaintiffs tended to show that, while they

were permitted in common with other tenants to use the water closet on the second floor, the building was in charge of a janitor employed by the defendants, whose exclusive business it was to keep the water pipes in repair and to cut off the water on the upper floors; that the plaintiffs had no duty to perform in that regard, or control of the water supply for the building outside of the storeroom which they occupied; that water could be cut off from the entire building by means of a stop-cock key, which was applied on the street outside, but that they had no authority to use it and deprive tenants of other parts of the building of water. They illustrated their contention by narrating an incident which occurred several years prior to the present accident. While they were in possession of the storeroom in question, under the same lease, their goods were injured from a similar cause; whereupon the defendant not only admitted its liability by paying damages, but also promised to have the water pipes looked after in the future.

The countervailing evidence of the defendant is that the janitor had no supervision of this water closet, but that it was set apart for the use, and placed under the exclusive control, of the occupants of the second floor and storerooms on the lower floor; and that it was the duty of the plaintiffs and others who used the closet to attend to cutting off the water.

It relies strongly upon the case of *Buckley* v. *Cunningham,* 103 Ala. 449, 15 South 826, 49 Am. St. 42. In that case it was proved that the lessee had as much control over the water pipes as the lessor; and the court told the jury, as matter of law, that the landlord was not liable, there being no claim that the pipe itself was defective or not put in properly. In other words, upon familiar principles, the tenant was clearly not entitled to recover for an injury occasioned by the joint negligence of himself and the landlord. The latter might with equal propriety have demanded compensation from the tenant for damage to the building.

But in this case the jury accepted the theory of the plaintiffs and rejected the defendant's assumption of joint control.

The doctrine which obtains in this class of cases is correctly stated in 3 Farnham on Waters & Water Rights, at section 966, as follows: "If the injury is caused by leakage from pipes in other portions of the building than that occupied by the injured tenant, the question of the landlord's liability will depend upon his connection with the injury. He is liable for all injuries resulting from his own negligence, and an exemption clause in the lease will not include such injury. So a landlord is not relieved from liability for injury to tenants of a lower floor by the freezing and bursting of an automatic fire extinguisher in the portion of the building retained by him, by the fact that he has employed an independent contractor to keep the building heated. And the lessor is also liable for injuries caused by the negligent acts of his agents."

Viewing the case, as we must view it, from the standpoint of a demurrer to the evidence, the finding of the jury upon the issues of fact submitted to their determination is conclusive, and the judgment must be affirmed.

*Affirmed.*