Matthias, J.
 

 This action was instituted in the court of common pleas by Chambers Baird, the receiver of the People ’s Building & Loan Company, of Ripley, Ohio, to recover the amount due upon a loan theretofore made by that company to William Bayless and Alice S. Bayless, secured by mortgage upon real estate described and by 10 shares of running stock of the building and loan company of the par value of $100 per share, previously subscribed for by William Bayless, which, by agreement, was held as collateral security. The indebtedness was originally $2500, but concededly, by January 25, 1919, that sum had been reduced to $1,000, and thereafter dues on said stock and interest on the loan had been regularly paid, the aggregate amount of dues paid thereon being $510, and the dividends credited thereon $4.50. Under the by-laws of the company this stock would have become fully paid and matured when the total .payments of dues, together with accrued dividends, aggregated $1,000.
 

 The only matter in controversy is whether the borrower, under these circumstances, the building and loan association being in the hands of a receiver, is entitled to credit on his note and mortgage for sums which he had paid on his unmatured running stock. The common pleas court held that
 
 *307
 
 the borrower is not so entitled, which judgment wa,s affirmed by the Court of Appeals.
 

 The contention that the amount which the debtor had thus far paid upon his running stock should be credited upon his loan is based upon the provisions of Section 9658, General Code, the pertinent portion of which reads:
 

 “But any member may have his loan canceled upon the following terms: After the premium for one year has been paid, and also the interest and premium up to the date of cancellation, the borower shall pay the sum actually borrowed less the dues paid and dividends credited, and also any fines or other assessments required by the constitution ’ and by-laws.”
 

 In determining the rights of the parties all pro visions of the law governing building and loan associations must be taken into consideration. The powers of such associations are enumerated in the statutes. Section 9648
 
 et seg[.,
 
 General Code. In Section 9651, General Code, it is provided:
 

 “Any member, however, who withdraws his entire stock deposit, or whose stock has matured, shall be entitled to receive all dues paid in and dividends declared thereon, less all fines or other assessments, and less the
 
 pro rata
 
 share of all losses, if any have occurred.”
 

 And it is further provided in Section 9674, General Code:
 

 “All losses shall be assessed in the same proportion and manner on all members after the amounts in the reserve fund and the undivided profit fund have been applied to the payment thereof. ’ ’
 

 
 *308
 
 It is to be borne in mind that we are dealing with a question involving the settlement of the affairs of an insolvent building and loan company, for which the statutes have made no express provision. But the borrower is a member, just as is the nonborrowing subscriber for stock of the company, and neither is entitled to any favor or preference in the settlement of the affairs of the company. They have equal powers and like responsibilities for the management or mismanagement of the association. As pertinently said in 4 Ruling Case Law, 378, referring to a borrowing member:
 

 “As to his payments as dues, he is considered a stockholder, and not a borrower, and all payments on stock, whether by a borrower or nonborrower, are treated as assets of the association, to be shared
 
 pro rata
 
 on the final distribution after payment of general creditors. As a borrower he is required to pay back to the association the amount loaned him, with interest. As a stockholder he has subscribed for capital stock of the association, upon which he has agreed to pay monthly dues, and has assigned such stock as collateral security for the loan. ’
 
 ’
 

 This twofold relation of the defendant controls the decision of the question presented. As a debtor he must repay his loan with stipulated interest; as a stockholder he may participate in the earnings, and must contribute to the losses sustained. The application of payments upon stock of a borrowing member as a credit upon a loan to him can be made consistently with the provisions of Section 9658, General Code, only when the
 
 *309
 
 company is a solvent going institution. This conclusion is supported by the text in 4 Ruling Case Law,
 
 supra,
 
 and numerous cases there cited. In a discussion of this subject in Section 124
 
 et seq.,
 
 Sundheim on the Law of Building and Loan Associations (2d Ed.), it is urged by the author that the underlying principle of such institutions is mutuality, and therefore upon insolvency care should be taken to adjust the losses equitably, and not to favor one class at the expense of the other; further, that in the distribution of the assets, the borrower and nonborrower should be treated alike and care taken to adjust their burdens equally so as not to throw upon either more than his just share. This policy was recognized and sanctioned by this court in the case of
 
 Eversmann
 
 v.
 
 Schmitt,
 
 53 Ohio St. 174, 41 N. E. 139, 29 L. R. A. 184, 53 Am. St. Rep. 632, where it is stated in the syllabus:
 

 “The members of a building association, whether borrowers or nonborrowers, have a mutual interest in its affairs; and, sharing alike in its earnings, must assist alike in bearing its losses.”
 

 If the contention of the defendants below were sanctioned, equality of sharing the profits and bearing the losses by members of the association could not prevail consistently with the purposes of such associations, and as contemplated by our statutes when broadly construed with such purpose in view, but, on the contrary, the borrowing member would suffer no loss whatever, while the nonborrowing member would lose possibly every cent paid upon his subscription for stock. That view would also result in preferring a stockholder over creditors of the association from whom money had been bor
 
 *310
 
 rowed, and also over those who were depositors. In the event all stockholders were borrowers the valid claims of depositors and other creditors would be entirely defeated. Familiar and well-settled principles of law oppose such view.
 
 Rouse, Trustee
 
 v.
 
 Merchants’ National Bank,
 
 46 Ohio St. 493, 22 N. E. 293, 5 L. R. A. 378, 15 Am. St. Rep. 644.
 

 As shown by the text in 9 Corpus Juris, 981, those cases are in the minority which hold the view that the relation between the society and the borrowing shareholder is changed by the circumstance of insolvency of the association to the one subsisting between the ordinary creditor and debtor, and that the borrowing shareholder is to be charged with the amount actually received by him, with interest at the legal rate, and credited with all payments made, whether by way of dues, interest', or premium. As there suggested that is the view taken by earlier oases; but the more recent and better considered cases have taken the view we have indicated above, that in case of insolvency the borrowing shareholder is entitled to credit on his loan for the amount of interest and premium paid by him, but is not entitled to have the amount of the dues paid by him on.account of stock applied on his loan. It is there stated:
 

 “Under this view, credits and debits relating solely to the borrower’s rights and liabilities as a stockholder, such as dividends, withdrawal value of stock, and charges for losses and expenses, are not made, but are left until the final winding up of the association and the settlement with members — borrowers as well as nonborrowers.”
 

 
 *311
 
 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur.
 

 Wanamaker, J., not participating.