FRANK C. WENISCH, ADMINISTRATOR, *vs.* CORNELIA M. T. WETHERALL.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued May 15th—decided June 13th, 1929.

*Edwin M. Ryan* and *John H. Yeomans,* for the appellant (plaintiff).

*Mahlon H. Geissler,* with whom was *Irving H. Miron,* for the appellee (defendant).

PER CURIAM. The complaint alleges that the defendant was in the possession and control of certain premises in which the plaintiff's intestate was a tenant and that while the intestate was hanging out clothes in the backyard of these premises a large clothes pole in the yard, maintained by the defendant in a rotten and dangerous condition and liable to fall, fell upon her and caused her death. If we assume, as the plaintiff claims, that the plaintiff's intestate was in fact the tenant of the defendant at the time the pole in the backyard fell when she went there to inspect her wash, which was hanging upon a line attached to this pole, and that the pole was a common pole in the use of the tenants of the defendant's premises and in the control of the defendant landlord, no recovery could be had by the plaintiff unless the finding that "said clothes pole was decayed at the base, leaving a shell around the outside of the pole, but such condition would not have been discovered by a reasonable inspection of the premises, or of the pole," was corrected by substituting for it substantially the finding claimed by the plaintiff, that this pole was completely decayed at its base and fell upon the intestate upon her lightly touching one of the articles hanging upon the line and that the defendant either knew or should have known of the decadent and dangerous condition of the pole. Without this correction there were no facts found from which the conclusion that the defendant knew or should have known the condition of the pole could have been drawn and hence no resulting conclusion drawn of the negligence of the defendant. Upon the evidence we cannot, under our rules, make this correction.

There is no error.