AMERICO CRISTINI, ADMINISTRATOR (ESTATE OF RICHARD CRISTINI) *v.* THE GRIFFIN HOSPITAL

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 12, 1947—decided January 15, 1948

*Cyril Coleman,* for the appellant (defendant).

*Alfonse C. Fasano,* for the appellee (plaintiff).

JENNINGS, J. The determinative issue on this appeal is the effect to be accorded to the existence of insurance on the immunity of a charitable hospital from tort liability. The question arose in this way: The plaintiff, as administrator, charged the hospital and its servants and agents with negligence causing the death of his infant son. The defendant filed a special defense alleging that it was a charitable corporation. The plaintiff pleaded in reply thereto that the defendant carried insurance indemnifying it and its property, funds and assets against all liability

284

for negligence and agreed to limit his recovery to the indemnity procurable under the insurance policy. He also alleged that by carrying insurance and thus protecting its trust funds and other property from depletion the defendant was estopped from claiming charitable immunity. A demurrer to the reply was filed by the defendant and overruled. On the trial these pleadings were read to the jury. The court charged, over the defendant's objections and without mentioning charitable immunity, that the defendant was liable for negligence, and it duly excepted. The ruling and the charge were assigned as error. The plaintiff admitted in open court that the defendant was a charitable corporation and the defendant admitted that it was insured. The insurance question was recently raised in *Edwards* v. *Grace Hospital*

*Society,* 130 Conn. 568, 570, 36 A. 2d 273; A–191 Rec. & Briefs, p. 245, back of p. 252; but it was not necessary to the decision and was not decided.

The plaintiff's claim has a certain meritorious basis, for, except as to premiums, the funds of the hospital are protected to the extent of the collectible insurance when it is insured. Nevertheless, it is not valid. If the charitable institution is not liable for the negligence alleged, it cannot be made liable because it took out insurance which would cover a judgment recovered against it. The fact is irrelevant to the question of liability. See *Shaker* v. *Shaker,* 129 Conn. 518, 523, 29 A. 2d 765. "The basis on which the defendant's legal responsibility for torts rests would not be changed by its entering into a contract with an insurance company by which the latter for a consideration and within specified limits undertakes to assume responsibility for damages resulting from accidents for which the defendant might be found to be liable, even though thereby to a certain extent the diversion of the funds of the defendant to that purpose might be avoided." *Enman* v. *Trustees of Boston University,* 270 Mass. 299, 301, 170 N. E. 43; see *McKay* v. *Morgan Memorial &c. Stores, Inc.,* 272 Mass. 121, 126, 172 N. E. 68. This conclusion is supported by the overwhelming weight of authority. Many cases are collected in a note, 145 A. L. R. 1338. To them the defendant has added *Piper* v. *Epstein,* 326 Ill. App. 400, 405, 62 N. E. 2d 139; *Stedem* v. *Jewish Memorial Hospital Assn.,* (Mo) 187 S. W. 2d 469, 471; *Schau* v. *Morgan,* 241 Wis. 334, 342, 6 N. W. 2d 212. The *Piper* case, decided in 1945, cites and discusses the cases quite fully, and that discussion need not be repeated here. Cases decided under the strict "trust fund theory" are not pertinent, since this court has

declined to adopt that theory. *Cohen* v. *General Hospital Society*, 113 Conn. 188, 197, 154 A. 435. Practically, if the plaintiff's contention should prevail, the result would be that a plaintiff negligently injured in an insured hospital would get judgment while a plaintiff injured in an uninsured hospital would not. The distinction has no logical basis. Furthermore, the question would arise, does the policy cover the particular risk involved? See *Lambert* v. *New Haven*, 129 Conn. 647, 649, 30 A. 2d 923. There would be an increase in rates. The existence of insurance in this case was irrelevant on the question of liability and the charge and ruling on the demurrer were erroneous.

No extended discussion of the other assignments of error is necessary. Plaintiff's intestate, a premature baby, was fatally burned by the heat of the lamps used to warm his bassinet. The jury found in answer to an interrogatory that the baby fell to the bottom of the bassinet and received the burns because an agent of the hospital, acting within the scope of his or her authority, dropped him. The court charged in effect, and the plaintiff claimed, that this person was one of the three hospital nurses assigned to the ward. The doctrine of res ipsa loquitur, on which the jury was charged, is inapplicable. The conditions under which it operates are stated in *Briganti* v. *Connecticut Co.*, 119 Conn. 316, 320, 175 A. 679. When they are met, the doctrine permits an inference of negligence. *Livingstone* v. *New Haven*, 125 Conn. 123, 126, 3 A. 2d 836. The claims of proof show, however, that the plaintiff offered extensive evidence of the defendant's lack of due care in selecting its personnel and the bassinet and, in general, in running the department, while the defendant offered evidence contra. Under these cir-

cumstances, a charge in res ipsa loquitur should not be given. *Ryan* v. *Lilley Co.*, 121 Conn. 26, 31, 183 A. 2.

The complaint alleged that the defendant was negligent in failing to provide a proper incubator. The administrator of the hospital testified as to the steps taken to provide the apparatus and, in that connection, offered in evidence a circular issued by the manufacturer which the witness had at the time of the purchase. The circular was not offered for the truth of the statements therein contained but to show that steps had been taken by the witness to determine whether it was a good incubator. It was excluded. The circular was admissible for that purpose.

Counsel for the defendant renewed his motion, made in similar cases, that judgment be directed for the defendant non obstante veredicto and assigned its denial as error. The question was examined with care in the preparation of the opinion in *Evans* v. *Lawrence & Memorial Associated Hospitals*, 133 Conn. 311, 50 A. 2d 443, and the conclusion was reached (p. 317) that the remedy was not available. The defendant did not assign error in the denial of its motion to set aside the verdict. It is therefore unnecessary to discuss the evidence.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.