The plaintiff brings this action to recover damages for injuries alleged to have been caused to her head and hair as the result of a permanent wave negligently performed by an operator of the defendant. It is admitted that the defendant conducts a beauty salon in Hartford; that on May 8, 1948, the plaintiff went there to have a permanent wave of her hair; and that an operator of the defendant was directed by the management to perform the undertaking. The defendant denies any resulting injuries to the plaintiff's head and hair and the various allegations of negligence recited in the complaint. *Page 346 
At the trial, the plaintiff proved to the satisfaction of the court that she sustained a second-degree burn of the scalp on the crown of her head and burns of a lesser degree on the back of her head, and that these occurred as a result of the permanent wave. While the plaintiff alleged various specifications of negligence in her complaint on the part of the defendant operator as causing the burns, she did not offer affirmative evidence of such acts and omissions. The question, therefore, is whether the plaintiff is entitled to a recovery for provable damages under the doctrine of res ipsa loquitur.
Under the Connecticut rule the application of that doctrine is not precluded where the plaintiff alleges specific negligence as the cause of the injury. Briganti v. Connecticut Co.,119 Conn. 316, 319; so long as the plaintiff does not initially offer to prove negligence. Aubrey v. Meriden, 121 Conn. 361, 367;Cristini v. Griffin Hospital, 134 Conn. 282, 286.
The plaintiff did prove the existence of the three conditions which afford a basis for the application of the doctrine. These requisite conditions were first stated by our Supreme Court inStebel v. Connecticut Co., 90 Conn. 24, 26, and restated in many subsequent cases, the latest being Bluett v. Eli SkatingClub, 133 Conn. 99, 101. A quotation of these conditions is not required. When the conditions are found to be met, the doctrine permits an inference of negligence by the trier. Cristini
v. Griffin Hospital, supra; Livingstone v. New Haven,125 Conn. 123, 126.
The court is satisfied that the doctrine of res ipsa loquitur should be held to control the decision and that an inference of negligence on the part of the defendant's operator is warranted. The cross-examination of the operator, appearing as a witness for the defendant, disclosed that she did not follow the usual procedure of first making a "test curl" and that such procedure would bear a relation to the amount of heat to be thereafter applied. There was also evidence that the plaintiff complained of the degree of heat on her head during the course of the undertaking.
It is interesting to note that to date our Supreme Court has not been required to consider the application of the doctrine of res ipsa loquitur in a case of this character brought against a beauty salon. So also there is no reported decision on the subject by the trial courts in the Connecticut Supplement. In Hapgood *Page 347 
v. Rahm, 5 Conn. Sup. 482, Judge Bordon in the Court of Common Pleas in Hartford County held for the defendant salon in a case which did not involve a consideration of the doctrine; and in the unreported case of Stozenski v. Corney,
File No. 31350, Court of Common Pleas, New Haven County, July 7, 1941, Judge Devlin held the doctrine applicable and awarded damages to the plaintiff. Only a few such cases have been tried to juries in Connecticut and the results obtained have varied. Settlements in these cases undoubtedly account for the scarcity of recorded decisions in this jurisdiction. That the problem is one of practical importance is made manifest by the ever increasing volume of business transacted daily by beauty establishments, which are now frequented by countless women in all stations of life as a matter of required routine in the feminine life of this era.
The leading case in this country on the application of the doctrine of res ipsa loquitur to a case of this character appears to be Pearson v. Butts, 224 Iowa 376. This case is also reported in 2 N.C.C.A.2d 613 with copious footnotes thereto in which other cases of similar import are collected in addition to those cited in the opinion of the Supreme Court of Iowa. The reasoning in the Iowa case has been accepted and held to control the decision in the case at bar on the propriety of the application of the doctrine to the plaintiff's position. Said the Iowa court in part (p. 380): "It is unnecessary to decide in this case whether or not the rule of res ipsa loquitur is applicable to a malpractice case, because this is not such a case. Here the operator was not called upon to perform a surgical operation, where it is a proper defense to show that the methods ordinarily followed in a surgical operation were followed. In this case, the plaintiff was well and simply called upon the beauty expert to receive a shampoo and a permanent hair curl In performing this work, all the instrumentalities used in connection therewith were under the control of the defendant's operator, and if the evidence tends to show that in the exercise of ordinary care the injuries complained of would not ordinarily follow, the doctrine of res ipsa loquitur would apply. . . . The evidence in this case fails to show that the injuries sustained by the plaintiff were such as would ordinarily result from the kind of hair treatment ordered by the plaintiff. While the testimony is conflicting as to the nature of the injuries, there is testimony in this record from which the jury could find that the plaintiff received several burns from the treatment, and there is no testimony *Page 348 
that hair treatments ordinarily result in scalp burns. It is our conclusion that this is a case peculiarly applicable within the doctrine of res ipsa loquitur."
The remaining question relates to provable damages.
It is found that the burned condition of the plaintiff's scalp proved extremely painful for several days; she was required to take to her bed on the afternoon of the day of the episode and was made sick to her stomach; large quantities of hair fell out as the result of the burns; and the effect upon her nervous system for a considerable time thereafter was substantial.
It is not found that the slight thinning of the plaintiff's hair on the crown of her head, observable only upon close inspection, is caused by the burn thereon, which left no scar; that the hair which originally fell out or broke off has not grown back; and that the quality and texture of the hair as of the date of trial on October 25 had become affected for the worse as a result of the burns.
At the time the plaintiff's scalp was burned, on May 8, 1948, she was forty-eight years of age. The court accepts the opinion of the defendant's medical witness that in middle life the quality and quantity of the human hair undergoes certain changes, and that in the case of women this phenomenon usually follows the menopause. For the court to find that the plaintiff's hair as of today is of less quality and of less quantity because of the burns sustained a year and one-half ago, and not because of natural causes, would be to indulge in extravagant speculation, conjecture and surmise. This the court cannot do. That a phase of the trial became a medical background is implicit from what has been stated in the foregoing.
The plaintiff's special damages are found to be $20 for the services of a doctor and $33 expended for olive oil administered to the scalp. In the absence of any finding of permanent injuries, a total award of damages in the amount of $750 is deemed to represent a fair and adequate compensation to the plaintiff for special and general damages found proven.
 Judgment may enter for the plaintiff to recover of the defendant damages in the amount of $750 with costs as an incident.