[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT DEERFIELD WOODS CONDOMINIUM ASSOCIATION, INC.'S MOTION TO STRIKE SECOND COUNT
The defendant Deerfield Woods Condominium Association, Inc. has moved to strike the second count of the revised complaint for failure to state a legally sufficient cause of action. The defendant maintains that the doctrine of res ipsa loquitur is inapplicable to prove corporate negligence; that res ipsa loquitur is not a distinct legal cause of action recognized in Connecticut; and that as a matter of law, based on the allegations of fact in the complaint, res ipsa loquitur does not apply to the case at bar.
The plaintiffs, claiming damage caused to their leased condominium and personal property therein by a fire, have brought a complaint in four counts. The complaint alleges that the fire was started when the electrical wiring to a ceiling fan in a condominium unit immediately below theirs malfunctioned. The complaint goes on to allege that the wiring was defective and dangerous because it was not installed in accordance with building specifications and was not properly grounded. The complaint claims that Deerfield Woods Condominium Association, Inc. had a duty to exercise reasonable care to inspect and maintain the common elements of the condominium complex, including such wiring, and should have discovered the wiring defects that caused the fire.
The second count alleges that the defendant Deerfield Woods Condominium Association, Inc. did not exercise due care with respect to the installation, inspection, maintenance and repair of the electrical wiring of the bathroom ceiling fans, as well as the fans themselves, in the condominium units; that the defendants was in exclusive control of the wiring system; that the accident was of the sort which would not ordinarily occur in the absence of negligence; and, that the plaintiffs did CT Page 6395 not contribute to the accident. The plaintiffs claim that this count states a cause of action under the doctrine of res ipsa loquitur.
 I.
The defendant, in its brief; has summarized the characteristics of the doctrine or res ipsa loquitur.
The doctrine of res ipsa loquitur permits a jury to infer negligence when no direct evidence of negligence has been introduced. Malvicini v. Stratfield Motor hotel, Inc. 206 Conn. 439,442, 538 A.2d 690 (1988).
 "`The doctrine of res ipsa loquitur is a rule of common sense and not a rule of law which dispenses with proof of negligence. It is a convenient formula for saying that a plaintiff may, in some cases, sustain the burden of proving that the defendant was more probably negligent than not, by showing how the accident occurred, without offering evidence to show why it occurred.' Schurgast v. Schumann, 156 Conn. 471, 242 A.2d 695 (1968). `Where common experience has demonstrated that no injury would ordinarily result from a situation, condition or apparatus unless there was careless construction, inspection or user, and the construction, inspection and user were all in control of the party charged with neglect, no voluntary action of the party injured being involved, common sense permits an inference of negligence from proof of injury and the physical agency inflicting it, without requiring proof of facts pointing to responsible human cause. The result is simply that such proof, without proof of further facts tending to show negligence, satisfies the plaintiff's duty of producing evidence sufficient to permit the trier, whether court or jury, to draw an inference of negligence." Ruerat v. Stevens, 113 Conn. 333, 155 A. 219 [1931]. The doctrine permits but does not compel such an inference. Fogerty v. M. J. Beuchler Son, Inc., 124 Conn. 325, 330, 199 A. 550 [1938]. The doctrine has no evidential force, does not shift the burden of proof and does not give rise to a presumption. Ryan v. George L. Lilley Co., 121 Conn. 26, 30, 183 A. 2 [1936]. It is but a specific application of the general principle that negligence can be proved by circumstantial evidence. Lowman v. Housing Authority, 150 Conn. 665, 670, 192 A.2d 8833
(1963);. . .'" Malvicini, supra, at 442. CT Page 6396
The three conditions that must be met in applying the doctrine are:
 "(1) The situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection, or user. (2) Both inspection and user must have been at the time of the injury in the control of the party charged with neglect. (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. . . . Whether the doctrine applies in a given case is a question of law for the court. . . ." Malvicini, supra, at 443.
 II.
The defendant first claims that since the plaintiffs in the second count allege that Deerfield Woods is a Connecticut corporation and that the corporation and not one of its employees was negligent, the doctrine or res ipsa loquitur avails the plaintiffs nothing in proving the corporations's negligence.
For this proposition, the defendant relies on a citation from Richards v. Grace-New Haven Community Hospital, 137 Conn. 508,511, 79 A.2d 353 (1951): "The doctrine, where applicable, at most justifies an inference that there has been negligence on the part of a defendant or some of his agents. It does not tend to prove what the negligence consisted of or who was guilty of it. In a case such as this, where it is essential that the plaintiff prove corporate negligence as distinguished from negligence of an employee, the doctrine avails him nothing."
The court finds the plaintiffs' response to this assertion to be persuasive. The plaintiffs respond that an action for res ipsa loquitur may be brought against a corporation, whether it be the corporation or an employee which is negligent. The citation to Richards is inappropriate. That case concerned a situation where it was crucial to determine precisely who was at fault. At the time Richards was decided, a charitable institution, such as the defendant hospital, could not be held liable for the negligence of its employees. Therefore, determining who was liable — the corporation or its employee — was crucial to determining liability. Under res ipsa loquitur, the facts in the Richards case could have supported an inference that either the employee or the hospital was negligent. The court noted, in those circumstances, res ipsa loquitur was no help in determining who specifically was at fault. CT Page 6397
Here, where the defendant, unlike charitable institutions in 1951, may be liable for negligence of its employees, res ipsa loquitur is fully applicable. If the trier of fact, under res ipsa loquitur, determines that the defendant or its employee was negligent, the defendant corporation is liable.
Furthermore, the defendant's claim makes no sense in light of the numerous res ipsa loquitur actions in Connecticut against corporate defendants. See, e.g, Malvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439, 538 A.2d 690 (1988); Conlon v. G. Fox Co., 165 Conn. 106, 328 A.2d 708 (1973); Witort v. United States Rubber Co., Conn. Cir. Ct. 690 (1966); Bluett v. Eli Skating Club, 133 Conn. 99, 48 A.2d 557 (1946); Jump v. Ensign-Bickford, 117 Conn. 110, 167 A. 90 (1933); Feeny v. New York Waist House, 105 Conn. 647, 1336 A. 554 (1927); Stebel v. Connecticut Co., 90 Conn. 24, 96 A. 171 (1951). In none of these cases did the court even mention the notion that res ipsa loquitur may not be applicable to a corporation, much less did the court ever grant a demurrer or motion to strike for that purpose. The defendant has offered no authority at all for the claim that res ipsa loquitur was not applicable against a corporation and in light of the cases the defendant could not.
 III.
The defendant next claims that res ipsa loquitur is not a distinct cause of action in Connecticut. The doctrine need not be pleaded to be applied by the trial court. If the three conditions are satisfied, the jury can properly be instructed on the doctrine if the plaintiff requests such a charge. See, Schurgast v. Schumann, 156 Conn. 471, 242 A.2d 695 (1968); Czelzewskicz v. Turansky, Conn. Cir Ct. 567 (1969). "The doctrine itself is procedural . . . Once facts are elicited which give rise to the occasion for its application, it should be charged either explicitly by name, or implicitly by incorporating its modus operandi in the court's instructions to the jury." Wright, 2 Connecticut Jury Instruction, Section 534, p. 8004 (D.B. Hanavich ed, 2d. ed 1970). Therefore, the defend claims the second count does not state a legally sufficient cause of action but merely a rule of law that is more properly part if the court's charge to the jury.
The plaintiffs on the other hand maintain that a negligence claim under a theory of res ipsa loquitur may properly be alleged in a complaint, contrary to the position of the defendant that res ipsa loquitur is but a rule of law that is more properly part of the court's charge to the jury. The plaintiffs assert that those cases cited by the defendant state no such proposition; rather they stand for the proposition that even if the plaintiff fails to plead res ipsa loquitur in the complaint, CT Page 6398 he may rely on it as a theory of the case. See, e.g., Jump v. Ensign-Bickford, 117 Conn. 110, 122, 167 A. 90 (1933), where the court found that the plaintiff had properly brought an action under a res ipsa loquitur theory, even though not pled in the complaint, because "the allegations of the complaint were broad enough to include negligence," such that "the defects claimed would necessarily be due to a failure in the defendants' manufacturing and inspection process."
To the same effect is Czelzewicz v. Turansky, 5 Conn. Cir. 567, 568 (1969):
 It is not necessary specifically to allege the doctrine, for if the case is a proper one for the application of the doctrine of res ipsa loquitur, the plaintiff by pleading the particular cause of the accident, in no way loses his right to rely thereon.
This court sees no reason to hold that an allegation of negligence based on a theory of res ipsa loquitur does not state a cause of action, since "Under the Connecticut rule the application of that doctrine [of res ipsa loquitur] is not precluded where the plaintiff alleges specific negligence as the cause of the injury. Briganti v. Connecticut Co., 119 Conn. 316,319; so long as the plaintiff does not initially offer to prove negligence. Aubrey v. Meriden, 121 Conn. 361, 376; Cristini v. Griffin Hospital, 134 Conn. 282, 286. . ." and because "[w]hen the conditions [which afford a basis for the application of the doctrine] are found to be met, the doctrine permits an inference of negligence by the trier. Cristini v. Griffin Hospital, supra; Livingstone v. New Haven, 125 Conn. 123,126." Wincek v. Schultz Beauty Salons, Inc., 16 Conn. Sup. 345,346 (1949).
Since a "cause of action in Connecticut has been described as one similar to the federal rule of" a short and plain statement of the claim showing that the pleader is entitled to relief. To establish a cause of action, ". . . the pleader must at all times be prepared to show that, by establishing the truth of the fact allegations appearing in his complaint, he is entitled to the relief demanded." Stephenson, 1 Connecticut Civil Procedure, 2d ed., Sec. 84.
It would seem, therefore, that since a plaintiff may recover in negligence solely on the basis of the doctrine of res ipsa loquitur and may plead facts to sustain that recovery provided no specific act of negligence is pleaded or offered as a basis for recovery, it is not only logical to plead that cause specifically, but also more fair. CT Page 6399
As the plaintiffs assert, both the defendant and the court would then be alerted to the plaintiffs' intention to rely on the doctrine as a basis of establishing liability and be in a position to address that claim.
 IV.
Finally, the defendant asserts that whether res ipsa loquitur applies in a given case is a question of law to be decided by the court. Malvicini v. Stratfield Motor Hotel, Inc., 206 Conn. 439, 538 A.2d 690 (1988). The defendant posits that in the case at bar, assuming the facts alleged in the count are true, the doctrine does not apply, because the apparatus causing the fire, at the time of the fire, was not in the exclusive control of the party charged with neglect, Deerfield Woods. Since the plaintiffs allege that the fire started "in the unit directly beneath the dwelling unit occupied by the plaintiffs," this effectively takes exclusive control out of the hands of the defendant because the possibility arises that the tenants below contributed to the cause of the fire. This would negate the second of the res ipsa loquitur conditions: that both the inspection and user must have been at the time of the injury in the control of the party charged with the neglect.
Additionally, the first of the three conditions — that the situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user — is not met. Faulty wiring is alleged and wiring can malfunction without human intervention, e.g., a circuit overload.
In this court's view, these claims are essentially that the plaintiffs will not be able to prove the conditions at an evidentiary hearing. It can not be determined as a matter of law that the wiring system was not in the exclusive control of the defendant.
As the plaintiffs indicate, the case of Malvicini v. Stratfield Motor Hotel, Inc., supra, is distinguished because in Malvicini there was evidence that the plaintiff did in fact have access to and used the controls of the shower to adjust the water temperature. The court found, after a full hearing, that the evidence presented at the trial was not sufficient to support an res ipsa instruction to the jury.
In the present action, there is no admission in the complaint that anyone other than the defendants had access to the wiring system or that anyone other than the defendants could control or adjust how much voltage could travel through the system. Although the complaint alleges that the fire CT Page 6400 originated in the area of the bathroom ceiling fan in the downstairs unit that does not allow the court, without evidence, to ascertain that the occupants of that unit had control or access to the wiring of the fan. This issue of exclusive control is not something that can be decided as a matter of law on a motion to strike because it is necessarily evidentiary.
The defendant has cited no case to sustain its contention that because of the possibility that wiring might ignite without any negligence being involved, the doctrine of res ipsa loquitur can not apply as a matter of law. The plaintiffs have cited Prosser, Torts, 5th ed., Sec. 39, at 244-245 and the cases listed therein for the claim that "[t]he doctrine of res ipsa loquitur finds common application, for example, in the case of . . . electricity for wires or appliances . . ."
The motion to strike the second count of the complaint is denied.
NIGRO, J.